**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 06-CR-140**

**KAZEEM AFOLABI**
   **Defendant.**

---

### SENTENCING MEMORANDUM

The government charged defendant Kazeem Afolabi with conspiracy to distribute 100 grams or more of heroin. 21 U.S.C. §§ 841(b)(1)(B) & 846. Defendant pleaded guilty to the charge, and the probation office prepared a pre-sentence report ("PSR"). The PSR set defendant's offense level at 25 (base level 30, U.S.S.G. § 2D1.1(c)(5), minus 2 under the safety valve provision, §§ 2D1.1(b)(9) & 5C1.2, minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at I, producing an imprisonment range of 57-71 months under the advisory sentencing guidelines.

Neither side objected to the PSR's guideline calculations, but defendant requested a sentence of 18 months under 18 U.S.C. § 3553(a), while the government advocated a term at the low end of the advisory range. In this memorandum, I provide written reasons for the sentence imposed. See 18 U.S.C. § 3553(c).

### I. SENTENCING FACTORS

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Harris, No. 05-4259, 2007 WL 1713286, at *3 (7th Cir. June 15, 2007). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes set forth in § 3553(a)(2).

## II. DISCUSSION

### A. Nature of Offense

Defendant supplied heroin to Greg Jackson, a large scale Racine/Kenosha area dealer, who in turn sold the drug to others. The evidence gathered from wiretaps and cooperating witnesses demonstrated that defendant supplied a significant amount – the parties agreed between 700 and 1000 grams – over about 1 ½ years. The offense was thus serious based on the amount involved and defendant's position at the top of the distribution chain, but was

2

not aggravated by weapon possession, violence or threats. Nor did it appear that defendant directed others in their distribution activities.

**B.      Character of Defendant**

Defendant was thirty-two years old and had no prior criminal record. He came to the United States from Nigeria in 1999, apparently legally, but by the time this case arose he no longer had legal status and faced deportation upon completion of his sentence. Defendant was not married but had been in a relationship for three years and had a two year old daughter with his girlfriend. The girlfriend made positive statements about defendant, indicating that he was a good father and provider. Defendant supported himself and his family by driving a cab in Chicago. Defendant also submitted letters from his cousin, who indicated that defendant was hardworking and responsible, and a sibling, who also attested to defendant's positive personal qualities. Defendant was an educated person, graduating high school and completing some college in Nigeria. He had no substance abuse issues of note. He also attempted to cooperate with the government, debriefing and providing all of the information he had about the offense.

**C.      Guidelines and Purposes of Sentencing**

The guidelines called for a prison term of 57-71 months. Under all of the circumstances, I found a sentence slightly below that range sufficient but not greater than necessary to satisfy the purposes of sentencing.

First, based on his lack of record, positive personal qualities, and deportable status, defendant posed little or no threat to the public. Thus, a guideline term was not needed to protect the public from further crimes he might commit. See 18 U.S.C. § 3553(a)(2)(C).

Second, because defendant had never before been to jail, a lesser period was sufficient

3

to deter him from re-offending. See § 3553(a)(2)(B). As I have noted in other cases, it typically makes sense to impose graduated punishments to achieve specific deterrence. See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005)

Third, the guidelines did not account for defendant's positive personal characteristics as reflected in the letters and statements from his girlfriend, and in his educational and vocational accomplishments. Under § 3553(a)(1), the court is required to consider the entirety of the defendant's character and background, not just his criminal history.

Fourth, I gave some weight to the fact that defendant was detained for more than a year in a county jail, with few opportunities for recreation or programming, while this case was pending.[1] I also considered the impact defendant's deportable status would have on his prison conditions. Because of his status, his security level would probably be higher, and he would not have the opportunity for pre-release halfway house time, as other defendant's receive under 18 U.S.C. § 3624(c). Further, defendant's deportation would result in his separation from his girlfriend and child, which constituted a significant punishment in addition to the prison sentence. There was no likelihood, due to their citizenship, that they would follow defendant to Nigeria.[2]

Based on all of these circumstances, a sentence somewhat below the guideline range

---

[1] As the government noted, some of the delay arose from defendant's decision to file motions and his failure to resolve the case immediately after the government proposed a plea agreement. Thus, I did not give this factor significant weight.

[2] The government noted that defendant was present in the United States illegally prior to his commission of this crime. It further noted that defendant had been in the United States for less than ten years and still had family in Nigeria, which made his deportation less onerous. I agreed that these circumstances limited the weight due the immigration-related consequences of defendant's conviction.

4

was warranted. Defendant requested an 18 month sentence, but that was plainly insufficient. Defendant supplied a significant amount of heroin over a substantial period of time. As the government noted, heroin causes serious damage to the community. A sentence of 18 months would have failed to provide just punishment for this serious crime. See § 3553(a)(2)(A). Further, the guideline range in this case, which included safety valve and acceptance of responsibility reductions, reflected some of the mitigating circumstances defendant presented.

Under all of the circumstances, I found a sentence of 46 months sufficient but not greater than necessary. This sentence provided just punishment for this serious crime, while recognizing the mitigating circumstances discussed. Because the sentence varied modestly from the guidelines and was based on the particular facts of the case, it did not create unwarranted disparity. See § 3553(a)(6).

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 46 months, followed by a three year supervised release term. Other conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge