# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                                    **Case No. 06-CR-140**

**KAZEEM AFOLABI,**
              **Defendant.**

---

## ORDER

On July 9, 2007, I sentenced defendant Kazeem Afolabi to 46 months in prison on heroin distribution charges. On June 10, 2008, defendant filed a "Motion to Relieve" in which he complained that the government had failed to file a motion to reduce his sentence based on substantial assistance. I construed the filing as a request to compel the government to file a motion under Fed. R. Crim. P. 35(b) and asked the government to respond. Based on that response, I conclude that defendant's motion must be denied.

The district court may reduce a sentence under Rule 35(b) only on the motion of the government. Further, the decision whether to file such a motion generally rests within the government's discretion. The court may intervene only if the government breached a promise to file a substantial assistance motion, or the defendant shows that the government's failure to file such a motion lacked a rational relationship to a legitimate government interest or was based on some unconstitutional motive. See Wade v. United States, 504 U.S. 181 (1992); United States v. Wilson, 390 F.3d 1003 (7th Cir. 2004); United States v. Lezine, 166 F.3d 895 (7th Cir. 1999). Defendant alleges no unconstitutional motive in his motion; rather, he claims that he has provided assistance yet the government refuses to file the motion. This is

insufficient.  See Wade, 504 U.S. at 186 (stating "that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing").  Nor does defendant's plea agreement with the government guarantee him such a motion.[1]  Finally, the government's response sets forth a legitimate reason for its failure to file a Rule 35 motion to date – defendant's cooperation is not yet complete.[2]  See United States v. White, 71 F.3d 920, 924 (D.C. Cir. 1995) (holding that it is "rational for the government to assume that if it keeps the carrot dangling in front of the defendant, the defendant will continue to cooperate and complete his assistance even after sentencing").

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 227, 228) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1]The plea agreement obligates defendant to fully and completely cooperate with the government, and to testify truthfully if asked to do so, but it imposes no obligation on the government to file a sentence reduction motion.  (Plea Agreement [R. 166] at 8 ¶ 30.)  The agreement also contains a waiver of defendant's right to appeal or challenge his sentence in any post-conviction proceeding (Id. at 10 ¶ 35) and an acknowledgment that the government need not take any particular position in any post-conviction motion or appeal (Id. at 10 ¶ 36). Finally, defendant presents no evidence – and the government denies – that the government made any other enforceable promise to file a Rule 35 motion.

[2]The government's explanation is confirmed by the docket of the court case in which defendant is cooperating.  United States v. Wainwright et al., Case No. 07-CR-5 (E.D. Wis.) (Docket # 35, noting that Allen Wainwright's trial is set for September 8, 2008).